1

# EXHIBIT TABLE OF CONTENTS

2

EXHIBIT A ......................................................................................16

EXHIBIT B ......................................................................................33

EXHIBIT C ......................................................................................41

EXHIBIT D ......................................................................................42

EXHIBIT E ......................................................................................43

EXHIBIT F ......................................................................................49

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# EXHIBIT A

# EXHIBIT A

FROM

(TUE)MAR  6 2012 16:00/ST.15:42/No.7522531935 P  8

1  AMID T. BAHADORI (SBN 242351)
   BRYAN M. THOMAS (SBN 238409)
2  BAHADORI & THOMAS, LLP
   2151 Michelson Drive, Suite 160
3  Irvine, CA 92612
   Tel: (949) 954-8164
4  Fax: (949) 954-8163
   ATB@Bahadorilaw.com
5  BMT@Bahadorilaw.com

6  Attorneys for Plaintiff, ARMANDO TELLECHEA

CENTRAL DIVISION

2012 MAR -6  PM 2:21

SAN DIEGO COUNTY, CA

7                                          **VIA FAX**

8

9          SUPERIOR COURT OF STATE OF CALIFORNIA

10                  COUNTY OF SAN DIEGO

11  ARMANDO TELLECHEA,              CASE NO: 37-2012-00093497-CU-OR-CTL

12              Plaintiff
                                    COMPLAINT FOR:
13       vs.

14  WELLS FARGO BANK, NA, f/k/a     1.  QUIET TITLE
    WACHOVIA MORTGAE, f/k/a WORLD   2.  WRONGFUL FORECLOSURE
15  SAVINGS BANK, FSB, and Does 1   3.  PROMISSORY FRAUD
    through 10                      4.  NEGLIGENT MISREPRESENTATION
16                                  5.  VIOLATION OF BUSINESS &
                                        PROFESSIONS CODE §17500
17              Defendants          6.  ESTOPPEL

18

19

20

21       COMES NOW Plaintiff, ARMANDO TELLECHEA (hereinafter "Plaintiff"), who

22  alleges the following:

23       1.      This is an action brought by Plaintiff for declaratory judgment, injunctive and

24  equitable relief, and for compensatory, special, general and punitive damages.

25       2.      Plaintiff, a homeowner, disputes the title and ownership of the real property in

26  question (the "Property"), which is the subject of this action, in that the originating mortgage

27  lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred

28  their ownership and security interest in a Promissory Note and Deed of Trust related to the

                                    1
                                 COMPLAINT

Property, and, thus, do not have lawful ownership or a security interest in Plaintiff's Home which is described in detail herein.

3.      Plaintiff alleges that Defendants, and each of them, cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original Promissory Note and Deed of Trust, resulting in imperfect security interests and claims.

4.      Plaintiff further alleges that Defendants, and each of them, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust herein; therefore, none of the Defendants have perfected any claim of title or security interest in the Property. Defendants, and each of them, do not have the ability to establish that the Deed of Trust that secure the indebtedness, or Note, were legally or properly acquired.

5.      Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them.  Plaintiff desires a judicial determination and declaration of its rights with regard to the Property and the corresponding Promissory Note and Deed of Trust.

6.      Plaintiff also seeks redress from Defendants identified herein below for damages, for other injunctive relief, and for cancellation of written instruments based upon:

    a. An invalid and unperfected security interest in Plaintiff's Home hereinafter described;

    b. Violation by Defendants of New York law and the express terms of the Pooling and Servicing Agreement ("PSA") governing the securitization of Plaintiff's mortgage, which is a Trust Agreement required to be filed under penalty of perjury with the United States Securities and Exchange Commission ("SEC") and which is the operative

NOTICE OF REMOVAL
EXHIBIT A PAGE 17

securitization document created by the finance and securitization industry to memorialize securitization transactions (see further discussion of the PSA herein);

    c. An incomplete and ineffectual perfection of a security interest in Plaintiff's Home;

    d. A void Deed of Trust due to improper securitization, for which there is a reasonable apprehension that, if left outstanding, may cause a serious injury.


## PARTIES

7. Plaintiff is an adult and a resident of the State of California, County of San Diego, City of Spring Valley, California.

8. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, defendant WELLS FARGO BANK, N.A., f/k/a WACHOVIA MORTGAGE, f/k/a WORLD SAVINGS BANK, FSB (hereinafter "WELLS") was a business entity authorized to conduct business in the State of California as a servicer of home mortgages. Plaintiff is informed and believes that WELLS was the servicer of Plaintiff's loan.

9. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, defendant WELLS at all relevant times herein mentioned, allegedly purchased back subject real property after foreclosure.

10. The real property that is the subject of this action is residential property located at 855 Paraiso Avenue, Spring Valley, California 91977 (hereinafter "PROPERTY").

11. The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint to show the true names and capacities of said defendants when the same are ascertained.

NOTICE OF REMOVAL
EXHIBIT A PAGE 18

12. Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein mentioned, each of the defendants was the agent, representative and/or employee of each of the other defendants, and was at all times acting within the purpose and scope of such agency and/or employment.

13. At all relevant times herein mentioned, the alleged actions of those defendants herein sued as DOES 1 through 10, and who were the agents, representatives and/or employees of the other defendants, were either authorized or ratified by at least one corporate director, officer or managing agent for said defendants.

## FACTUAL ALLEGATIONS

14. Plaintiff herein repeats and incorporates paragraphs 1 through 13 above as though fully set forth.

15. Plaintiff obtained title ownership of the PROPERTY on or around September 30, 2005.

16.    Plaintiff executed a series of documents, including but not limited to a Note and Deed of Trust, securing the Property in the amount of note.

17.    Plaintiff is informed and believes, and thereon alleges, that this loan was securitized, with the Note not being properly transferred to by Defendants. As set forth herein above, the Securitized Trust was formed by execution of the PSA.

18.    Plaintiff is informed and believes, and thereon alleges, that the debt or obligation evidenced by the Note and the Deed of Trust executed by Plaintiff in favor of the original lender and other Defendants, regarding the Property, was not properly assigned and transferred to Defendants operating the pooled mortgage funds or trusts in accordance with the PSA of the entities making and receiving the purported assignments to this trust.

19.    Plaintiff alleges that the PSA requires that each Note or Deed of Trust had to be endorsed and assigned, respectively, to the trust and executed by multiple intervening parties

before it reached the Trust. Here, neither the Note nor the Deed of Trust was assigned to the Securitized Trust by the closing date. Therefore, under the PSA, any assignments of the Deed of Trust beyond the specified closing date for the Trust are void.

20.     Plaintiff further alleges that even if the Deed of Trust had been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignments to and from each intervening party.

21.     Plaintiff is informed and believes, and thereon alleges, that the trust had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment.

22.     Plaintiff also alleges that the Note was secured by the Deed of Trust. Plaintiff alleges that as of the date of the filing of this Complaint, the Deed of Trust has not been legally assigned to any other party or entity.

23.     Plaintiff is informed and believes, that Defendant WELLS, alleges that it is the "holder and owner" of the Note and the beneficiary of the Deed of Trust. However, the Note and Deed of Trust identify the mortgagee and note holder as the original lending institution or Mortgage Originator. Documents state that the original lender allegedly sold the mortgage loan to the trust.

24.     Plaintiff further alleges that no documents or records can be produced that demonstrate that prior to the closing date for the trust, the Note was duly endorsed, transferred and delivered to the trust, including all intervening transfers. Nor can any documents or records be produced that demonstrate that prior to the closing date, the Deed of Trust was duly assigned, transferred and delivered to the trust, including all intervening assignments.

NOTICE OF REMOVAL
EXHIBIT A PAGE 20

25.     Plaintiff further alleges that any documents that purport to transfer any interest in the Note to the trust after the Trust closing date are void as a matter of law, pursuant to New York trust law and relevant portions of the PSA.

26.     Plaintiff is further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiff's debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales." Any security interest in the Property was thus, never perfected. The alleged holder of the Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiff's Deed of Trust does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Property.

27.     Plaintiff is also informed and believes, and thereon alleges, that at all times herein mentioned, and any assignment of a Deed of Trust without proper transfer of the obligation that it secures is a legal nullity.

28.     As set forth hereinabove, Defendants, and each of them, violated the express terms of the PSA which is a Trust Agreement and which is the operative securitization document created by the finance and securitization industry to memorialize a particular securitization transaction. The PSA specifies the rights and obligations of each party to the securitization transaction to each other, and is a public document on file with the SEC. More specifically, the PSA requires strict compliance with its procedures and timelines in order for the parties to achieve their specific objectives.

29.     Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders

which were expected to be relatively safe.  In order to achieve the result, "True Sales" of the loans had to occur, in which loans were sold and transferred to the different parties to the securitization.

30.    A "True Sale" of the loan would be a circumstance whereby one party owned the Note and then sold it to another party.  An offer would be made, accepted and compensation given to the "seller" in return for the Note.  The Notes would be transferred, and the Deeds of Trust assigned to the buyers of the Note, with an Assignment made every step of the way, and, furthermore, each Note would be endorsed to the next party by the previous assignee of record.

31.    In order for the Trustee of the Securitized Trust to have a valid and enforceable secured claim against Plaintiff's Home, the Trustee must prove and certify to all parties that, among other things required under the PSA:

a:  There was a complete and unbroken chain of endorsements and transfers of the Note from and to each party to the securitization transaction (which should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to the (D) Trust, and that all of these endorsements and transfers were completed prior to the Trust closing dates; and

b.  The Trustee of the Securitized Trust had actual physical possession of the Note at that point in time, when all endorsements and assignments had been completed. Absent such proof, Plaintiff alleges that the Trust cannot demonstrate that it had perfected its security interest in Plaintiff's Home that is the subject of this action. Therefore, if the Defendants, and each of them, did not hold and possess the Note on or before the closing date of the Trust herein, they are estopped and precluded from asserting any secured or unsecured claim in this case.

NOTICE OF REMOVAL
EXHIBIT A PAGE 22

32.     Plaintiff is informed and believes, and thereon alleges, that pursuant to the terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to transfer and endorse to the Trustee for the Securitized Trust, without recourse, including all intervening transfers and assignments, all of its right, title and interest in and to the mortgage loan (Note) of Plaintiff's herein and all other mortgage loans identified in the PSA.

33.     Plaintiff is further informed and believes, and thereon alleges, that the PSA provides that the transfers and assignments are absolute, were made for valuable consideration, to wit, in exchange for the certificates described in the PSA, and were intended by the parties to be a bona fide or "True Sale." Since, as alleged herein below, True Sales did not actually occur, Plaintiff allege that the Defendant Trustees are estopped and precluded from asserting any secured or unsecured claim in this case.

34.     Plaintiff is further informed and believes, and thereon alleges, that as a result of the PSA and other documents signed under oath in relation thereto, the Mortgage Originator, sponsor and Depositor[1] are estopped from claiming any interest in the Note that is allegedly secured by the Deed of Trust on Plaintiff's Home herein.

35.     Plaintiff is informed and believes, and thereon alleges, that the Note in this case and the other mortgage loans identified in the PSA, were never actually transferred and delivered by the Mortgage Originator to the Sponsor or to the Depositor nor from the Depositor to the Trustee for the Securitized Trust.

36.     Based upon the foregoing, Plaintiff is further informed and believe, and thereon allege, that the following deficiencies exist, in the "True Sale" and securitization process as to

---

[1] The Originator is the lender who originally funded the loan; the Sponsor "collects" or "buys" the loans from different lenders, combines them, and then "sells" them to the Depositor; the Depositor "deposits" the loans into the Issuing Entity Trusts, and then, various bonds and certificates are sold; the Issuing Entity would be the "legal owner" of the Notes, though the actual documents would be held by Custodians.

8

COMPLAINT

NOTICE OF REMOVAL
EXHIBIT A PAGE 23

this Deed of Trust which renders invalid any security interest in the Plaintiff's mortgage, including, but not limited to:

    a.  The splitting or separation of title, ownership and interest in Plaintiff's Note and Deed of Trust of which the original lender is the holder, owner and beneficiary of Plaintiff's Deed of Trust;

    b.  When the loan was sold to each intervening entity, there were no Assignments of the Deed of Trust to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur;

    c.  The failure to assign and transfer the beneficial interest in Plaintiff's Deed of Trust in accordance with the PSA of the Defendants, as Securitization Participants;

    d.  The failure to endorse, assign and transfer Plaintiff's Note and/or mortgage to the Trustee for the Trust, in accordance with the PSA;

    e.  No Assignments of Beneficiary or Endorsements of the Note to each of the intervening entities in the transaction ever occurred, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

    f.  Defendants, and each of them, violated the pertinent terms of the PSA.

37.    Plaintiff, therefore, alleges, upon information and belief, that none of the parties to the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all the purported buy-back sale of the Property from WELLS to itself was void because WELLS lacked the requisite standing to make the sale.

///

///

9
COMPLAINT

NOTICE OF REMOVAL
EXHIBIT A PAGE 24

# FIRST CAUSE OF ACTION
## LACK OF STANDING
### (Against All Defendants)

38.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39.     An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do not have the right to foreclose or obtain possession on the Property because Defendants, and each of them, have failed to perfect any security interest in the Property.  Thus, the purported power of sale by the above specified Defendants, and each of them, no longer applies.  Plaintiff further contends that the above specified Defendants, and each of them, do not have the right to foreclose on the Property because said Defendants, and each of them, did not properly comply with the terms of Defendants' own securitization requirements and falsely or fraudulently prepared documents required for Defendants, and each of them, to foreclose as a calculated and fraudulent business practice.

40.     Plaintiff is informed and believes and there upon alleges that the only individual who has standing to foreclose is the holder of the note because they have a beneficial interest. The only individuals who are the holder of the note are the certificate holders of the securitized trust because they are the end users and pay taxes on their interest gains; furthermore, all of the banks in the middle were paid in full.

41.     Plaintiff requests that this Court find that the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time, because Defendants' actions in the processing, handling and attempted foreclosure of this loan involved numerous fraudulent,

false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants, and each of them. Plaintiff further requests that title to the Property remain in its name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation, and deem that any attempted sale of the Property is "unlawful and void."

42.     Plaintiff is informed and believes, and thereon alleges, that Defendant WELLS lacks the authority evict Plaintiff from Property and obtain possession as the purported buyer of the Property. Since the sale of the Property was void, as indicated above, the purchaser at that sale, WELLS, does not have the standing to foreclose and/or obtain possession of the Property.

43.     Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing.

44.     Plaintiff is informed and believes, and thereon alleges, that pursuant to California law, to perfect the transfer of mortgage paper as collateral, the owner should physically deliver the note to the transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as unperfected.

45.     The Note in this action identifies the entity to whom it was payable, the original lender. Therefore, the Note herein cannot be transferred unless it is endorsed; the attachments to the notice of default do not establish that endorsements were made, nor are there any other notices which establish that the original lender endorsed and sold the note to another party.

46.     Pursuant to state law, to perfect the transfer of mortgage papers as collateral for a debt, the owner should physically deliver the note to the transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance, or as unperfected. The Note herein

specifically identifies the party to whom it was payable to and the Note, therefore, cannot be transferred unless it is endorsed.

47.     Defendants, and each of them, cannot produce any evidence that the Promissory Note has been transferred. Therefore, Defendant WELLS could only transfer whatever interest it had in the Deed of Trust herein.  The Promissory Note and Deed of Trust are inseparable: an assignment of the Note carries the mortgage (ie, Deed of Trust) with it, while an assignment of the Deed of Trust alone is a nullity.  Therefore, if one party receives the Note and another party receives the Deed of Trust (as in this case), the holder of the Note prevails regardless of the order in which the interests were transferred.

48.     Defendants have failed to submit documents authorizing WELLS, as nominee for the original lender, to assign the subject Deed of Trust to any of the other Defendants.  Hence, WELLS lacked authority as mere nominee to assign Plaintiff's mortgage, making the assignment defective.

49.     In the instant action, WELLS, as the nominee not only lacks authority to assign the Deed of Trust, but cannot demonstrate the Trustee's knowledge or assent to the assignment by WELLS to any other Defendant.

50.     Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying note, is void under law.  Therefore, Defendant WELLS cannot establish that it is entitled to assert a claim in this case.  For this reason, as well as the other reasons set forth herein below, WELLS cannot transfer an interest in real property, and cannot recover anything from Plaintiff.

51.     Defendants, and each of them, through the actions alleged above, have illegally commenced foreclosure under the Note on the Property via a foreclosure action supported by

NOTICE OF REMOVAL
EXHIBIT A PAGE 27

1   false or fraudulent documents.  Said unlawful foreclosure action has caused and continues to
2   cause Plaintiff's great and irreparable injury in that real property is unique.

3       52.        The wrongful conduct of the above specified Defendants, and each of them,
4   unless restrained and enjoined by an Order of the Court, will continue to cause great and
5   irreparable harm to Plaintiff.  Plaintiff will not have the beneficial use and enjoyment of its
6
7   Home and will lose the Property.

8       53.        Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief
9   prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff.
10  Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful
11
12  conduct is restrained and enjoined because real property is inherently unique and it will be
13  impossible for Plaintiff to determine the precise amount of damage it will suffer.

14
                          **SECOND CAUSE OF ACTION**
15
                       **FRAUD IN THE CONCEALMENT**
                         **(Against All Defendants)**
16      54.        Plaintiff re-alleges and incorporates by reference all preceding paragraphs as
17  though fully set forth herein.

18      55.        Defendants concealed the fact that Loans were securitized as well as the terms of
19  the Securitization Agreements, including: (1) Financial Incentives paid; (2) existence of Credit
20
21  Enhancement Agreements, and (3) existence of Acquisition Provisions. By concealing the
22  securitization, Defendant concealed the fact that Plaintniff's loan changed in character in that no
23  single party would hold the Note, but rather the Note would be included in a pool with other
24  Notes, split up, and multiple investors would effectively buy shares of the income stream from
25  the loans. Changing the character of the loan in this way had a materially negative impact on
26
27  Plaintiff that was known by Defendant but not disclosed.
28

56.     Defendant knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loan.

57.     Defendant intended to induce Plaintiff based on these misrepresentations and improper disclosures.

58.     Plaintiff's reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiff could have been alerted to issues of concern to her. Plaintiff would have known of Defendants true intentions and profits from the proposed risky loan. Plaintiff would have known that the actions of Defendant would have an adverse effect on the value of Plaintiff's home.

61.     Defendants' failure to disclose the material terms of the transaction induced Plaintiff to enter into the loans and accept the Services as alleged herein.

62.     Defendants were aware of the misrepresentations and profited from them.

63.     As a direct and proximate result of the misrepresentations and concealment, Defendants are guilty of malice, fraud and/or oppression.  Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

### THIRD CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT
### (Against All Defendants)

64.     Plaintiff re-alleges and incorporated by reference all preceding paragraphs as though fully set forth herein.

65.     Defendants intentionally misrepresented to Plaintiff that Defendants were entitled to exercise the power of sale provision contained in the Deed of Trust.  In fact, Defendants were

not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in Plaintiff's Property.

66.     Defendants misrepresented that they are the "holder and owner" of the Note and the beneficiary of the Deed of Trust. However, this was a misrepresentation of material fact because it was not true. Documents state that the original lender allegedly sold the mortgage loan to a trust. Defendants were attempting to collect on a debt to which they have no legal, equitable, or pecuniary interest in. This type of conduct is outrageous. Defendants are fraudulently foreclosing on the Property which they have no monetary or pecuniary interest. This type of conduct is outrageous.

67.     Defendant's failure to disclose the material terms of the transaction induced Plaintiff to enter into the loan and to accept the services as alleged herein.

68.     The material misrepresentations were made by Defendants with the intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce the Plaintiff to rely on the misrepresentations and foreclosure on the Property. This material misrepresentation was made with the purpose of initiating the securitization process as illustrated above, in order to profit from the sale of the Property by selling the note to sponsors who then pool the note and sell it to investors on Wall Street.

69.     Defendants were aware of the misrepresentations and profited from them.

70.     As a direct and proximate result of the misrepresentations and concealment Plaintiff was damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and attorney's fees.

71.     Defendants are guilty of malice, fraud and oppression. Defendants' actions were

NOTICE OF REMOVAL
EXHIBIT A PAGE 30

1  malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the

2  actions were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition to

3  actual damages, punitive damages to punish Defendants and to deter them from engaging in

4  future misconduct.

### FOURTH CAUSE OF ACTION:
### QUIET TITLE
**(Against All Defendants)**

72.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.    Plaintiff is entitled to equitable relief by a judicial decree and order declaring Plaintiff to be the title owner of record of the Property and quieting Plaintiff's title therein and thereto subject only to such legitimate liens and encumbrances as the Court may deem avoiding any liens or encumbrances upon the Property created by Defendants or by their predecessors.

74.    Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff as of the date on which is loan transaction was consummated.

### FIFTH CAUSE OF ACTION
### DECLARATORY RELIEF
**(Against All Defendants)**

75.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Trust Deed.

77.    Plaintiff contends that pursuant to the above, Defendants do not have authority to foreclose upon and sell the Property.

78.    Plaintiff is informed and believes and upon that basis alleges that Defendants dispute Plaintiff's contention and instead contend they may properly foreclose upon the Property.

79.     Plaintiff therefore requests a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

80.     Plaintiff requests a determination of the validity of the Deed of Trust as of the date the Note was assigned without a concurrent assignation of the underlying Deed of Trust.

81.     Plaintiff requests a determination of the validity of the Notice of Default.

82.     Plaintiff requests a determination of whether any Defendant has authority to foreclose on the Property.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For actual, compensatory and/or consequential damages in amounts according to proof at trial;

2. For an order stopping the trustee's sale of the PROPERTY;

3. For punitive damages;

4. For costs of suit;

5. For attorneys fees where permitted by law;

6. For such other and further relief as this Court deems just and proper.

Dated: February 29, 2012                    **BAHADORI & THOMAS, LLP**

                                            By: _____
                                            **AMID P. BAHADORI**
                                            **BRYAN M. THOMAS**
                                            **Attorneys for Plaintiff,**
                                            **ARMANDO TELLECHEA**

# EXHIBIT B

# EXHIBIT B

FROM                                                      (TUE)MAR  6 2012 15:59/ST. 15:42/No. 7522531935 P  7

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Wells Fargo Bank, N.A., f/k/a, WACHOVIA  MORTGAGE, f/k/a
WORLD SAVINGS BANK FSB, and Does 1-10

2012 MAR -6  PM 2:21

_____ ____ COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Armando Tellechea

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court's lien must be paid before the court will dismiss the case. The court's lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
**37-2012-00093497-CU-OR-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bahadori & Thomas, LLP, 2151 Michelson Dr., Suite 160, Irvine, CA 92612

| DATE: 2/29/2012~ (Fecha) | MAR -6 2012 | Clerk, by (Secretario) | K. Hill | , Deputy (Adjunto) |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]
1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of (specify):

COPY

3. ☑ on behalf of (specify): Wells Fargo Bank, N.A., f/k/A Wachovia Mortgage, F/k/A World Savings Bank, FSB

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

**NOTICE OF REMOVAL
EXHIBIT B PAGE 33**

## Superior Court of California
## County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 90 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

All parties are ordered to place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/pls/portal/docs/page/sdcourt/civil2/civilimaging/012512_generalorder.pdf

Page: 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER: (619) 450-7068

PLAINTIFF(S) / PETITIONER(S):      Armando Tellechea

DEFENDANT(S) / RESPONDENT(S): Wells Fargo Bank NA

TELLECHEA VS. WELLS FARGO BANK NA

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2012-00093497-CU-OR-CTL |
|---|---|

Judge: Judith F. Hayes                                    Department: C-68

**COMPLAINT/PETITION FILED: 03/06/2012**

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**                                    Page: 1

FROM

(TUE)MAR  6 2012 15:58/ST. 15:42/No. 7522531935 P  4



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2012-00093497-CU-OR-CTL      CASE TITLE: Tellechea vs, Wells Fargo Bank NA

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
          (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
          (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), and
          (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**NOTICE OF REMOVAL
EXHIBIT B PAGE 36**

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage or are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
*   In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
*   In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

FROM

(TUE) MAR  8 2012 15:59/ST. 15:42/No. 7522531935 P  8

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:       Central | |

| PLAINTIFF(S):   Armando Tellechea |
|---|
| DEFENDANT(S): Wells Fargo Bank NA FKA Wachovia Mortgage FKA World Savings Bank FSB |
| SHORT TITLE:   TELLECHEA VS. WELLS FARGO BANK NA |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2012-00093497-CU-OR-CTL |
|---|---|

Judge: Judith F. Hayes                                                          Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

Name of Plaintiff                                          Name of Defendant

Signature                                                     Signature

Name of Plaintiff's Attorney                          Name of Defendant's Attorney

Signature                                                     Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED,

Dated:  03/06/2012                                       _____
                                                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

3

FROM                                     (TUE)MAR  6 2012 16:00/ST.15:42/No. 7522531935 P  9

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Amid T. Bahadori (242351)
BAHADORI & THOMAS, LLP
2151 Michelson Dr., Suite 160
Irvine, CA 92612
TELEPHONE NO: 9499548164      FAX NO: 9499548163
ATTORNEY FOR (Name): Armando Tellechea

FOR COURT USE ONLY

CENTRAL DIVISION

2012 MAR -6  PM 2: 21

CLERK OF COURT
SAN DIEGO COUNTY CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Tellechea v. Wells Fargo Bank, N.A.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | 37-2012-00093487-CU-OR-CTL |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 6
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2/29/12                                    **VIA FAX**
Amid T. Bahadori
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**NOTICE OF REMOVAL**
**EXHIBIT B PAGE 39**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**NOTICE OF REMOVAL
EXHIBIT B PAGE 40**